787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAYCO CORPORATION, CADILLAC PLASTIC AND CHEMICAL COMPANY,
and PLASTICS TRADING AND LIQUIDATION, Plaintiffs-Appellants
v.
W. H. BRADY COMPANY, Defendant-Appellee.
 84-1536
 United States Court of Appeals, Sixth Circuit.
 3/26/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH, MARTIN, Circuit Judges, and WEBER*, District Judge.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, Dayco Corporation (a Michigan corporation), appeals the dismissal of its complaint against Brady Corporation (a Wisconsin corporation), for breach of a Settlement Agreement in an order dated June 26, 1984, by the Honorable Judge Taylor, Eastern District of Michigan. We affirm the district court's dismissal for the reasons stated below.
 
 
 2
 The Settlement Agreement was intended to sever an unhappy business relationship between Dayco Corporation, and Brady Corporation. Dayco distributed various warning and safety signs, labels, and stickers, manufactured by Brady. On February 25, 1982, Brady filed a lawsuit in Milwaukee, Wisconsin, against Dayco, primarily alleging that Dayco had been 'palming off' Dayco goods as Brady goods to customers who had ordered Brady products. Instead of proceeding with litigation, counsel for both sides on March 17, 1982 entered into a Settlement Agreement. In pertinent part, the agreement called for Dayco to return to Brady 'all inventory'. Of the returned inventory, Brady would compensate Dayco 'for all such new, unused, current, and resalable products at the current distributor catalog price, less 8% for restocking.' The Settlement Agreement specified that representatives of both parties should meet to sort and inspect the inventory, and agree upon the amount due from Brady to Dayco.
 
 
 3
 Brady was only willing to pay Dayco for returned goods listed in the current Brady catalog. Dayco, however, wanted to be compensated for goods that were still available for sale by Brady distributors, regardless if such goods were listed in the current catalog. Consequently, this suit ensued with Dayco alleging Brady had breached the Settlement Agreement. Both sides filed motions for summary judgment; the court granted Brady's motion.
 
 
 4
 The district court correctly noted that the Settlement Agreement was clear and unambiguous on its face. The contract was presumably negotiated by parties who were sophisticated in business dealings; this is not a case where one side exerted undue influence on the other in order to reach an inequitable Settlement Agreement. It is axiomatic that when a contract is unambiguous, parole evidence is inadmissible to change or modify the terms of the contract. Accordingly, the district court was correct in not admitting extraneous evidence as to what the terms of the Settlement Agreement meant. Dayco contests that the terms 'new, unused, current, and resalable' were ambiguous, thereby precluding summary judgment for Brady. It is quite clear, however, that these terms were to be defined by the inventory listed in the current catalog: Since Dayco's compensation was to be determined by the 'current catalog price', it is obvious that 'current' was to be defined by what was in the current Brady catalog. One need not go outside the four corners of their contract to determine what the parties intended.
 
 
 5
 This Court in Bowater, etc. v. Murray, etc., et al., 773 F.2d 71 (6th Cir. 1985), held that when a Settlement Agreement was freely entered into, extensively negotiated with the assistance of counsel, and complete in its terms, that the court has the inherent authority and equitable powers to enforce such agreement. Summary judgment may be appropriate where the provisions of a contract are unambiguous. Davis v. Chevy Chase Financial, Ltd., 667 F.2d 160 (D.C. Cir., 1981). We find that the Settlement Agreement in this case has the above attributes mentioned in Bowater, and that the contract provisions are unambiguous.
 
 
 6
 Accordingly, we affirm the judgment below in its entirety.
 
 
 
 *
 Honorable Herman J. Weber, District Judge, U.S. District Court, Southern District of Ohio, sitting by designation